O’NIELL, C. J.
 

 (dissenting). 'It seems to me that the Court of Appeal and the majority of the members of this court have overlooked the fact that the burden was upon the intervener, Becson-Moore Stave Company, to prove its ownership of the staves and stave bolts that were seized by D. D. Dodd; otherwise the stave company had no right to in-termeddle in the suit between Dodd and Hor-
 
 *889
 
 an. The district court decided that the in-tervener stave company did not own the staves or stave bolts; and the Court of Appeal affirmed that decision. The Court of Appeal says so in its decree, as quoted in the prevailing opinion rendered in this case, viz.: “The lower court rejected intervener’s demands, holding, as we understand, that Horan is still the owner of the staves. We left the decision on that point undisturbed.” It seems anomalous to me that the Court of Appeal could then decide that Dodd had no lien, or right of seizure, on Horan’s staves and stave bolts. We must bear in mind that Horan did not appeal from the decision of the district court; and, when the Court of Appeal affirmed the ruling that the intervener had no title to the staves or stave bolts, the inter-vener had no other interest whatever in the suit between Dodd and Horan.
 

 The fact that Dodd’s attorneys contended, in their argument before the Court of Appeal, that Dodd had a lien on the staves and stave bolts is a matter of no importance, because, when that argument was made, the Court of Appeal had not yet affirmed the decision that the stave company had no title to the staves or stave bolts; but, when the Court of Appeal did affirm the decision that the stave company did not own the staves or stave bolts, the court had no right to upset the judgment in favor of Dodd and against Hor-an. It was then, and not until then, that Dodd’s attorneys could call the court’s attention to the anomaly of allowing an intervener to intermeddle in a suit between two other persons, in which the intervener had no interest whatever.